UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAMMY J. AUSTIN, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:21-CV-366-CEA-JEM |
| DANNY PHILLIPS and<br>DANNY PHILLIPS d/b/a VOLUNTEER<br>CLIMATE CONTROL, | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and referral from District Judge Charles E. Atchley [Doc. 92].

This matter is before the Court on Defendant Danny Phillips's Motion in Limine to Exclude the Opinions and Expert Testimony of Plaintiff's Witness Kenneth Powell, In Whole or In Part [Doc. 91]. Plaintiff Tammy J. Austin ("Plaintiff") responded in opposition [Doc. 94]. Defendant Danny Phillips ("Defendant" or "Defendant Phillips") did not reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** Defendant Phillips's motion [**Doc. 91**].

Defendant Phillips asserts that the Court should exclude the opinions and expert testimony of Plaintiff's expert witness Kenneth Powell ("Mr. Powell"), in whole or in part, because Plaintiff failed to comply with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure [Doc. 91]. Plaintiff disclosed Kenneth Powell, the owner of Powell Brother's Mechanical Contractors, stating:

> Mr. Kenny Powell is a licensed heating, ventilation and air conditioning systems ("HVAC") contractor employed by Powell Brothers Mechanical Contractors ("Powell Brothers"). Mr. Powell has special knowledge, skill, education, training, and many years of experience in residential HVAC,

repair, installation, maintenance, estimating, and project management. S&K contracted with Powell Brothers to perform HVAC installation at Ms. Austin's property. Upon completion of the work, S&K paid the Powell Brother's invoice attached to this disclosure as Exhibit C. Mr. Powell is expected to testify that:

    a. The observed photos of the HVAC work Defendants performed at Ms. Austin's property.

    b. The HVAC work performed by the Defendants at Ms. Austin's property fell below the standard of care for such work.

    c. That the Defendants caused damage to Ms. Austin's Property.

    d. S&K contracted with Powell Brothers to install a new and correctly sized HVAC system at Ms. Austin's home.

    e. Powell Brothers installed the new HVAC system in Ms. Austin's Home and billed S&K for the work.

    f. The HVAC work Powell Brothers performed at Ms. Austin's property was reasonable under all the circumstances.

    g. The cost of installing the new HVAC system is reasonable under all the circumstances.

[Doc. 91-1 pp. 3–4]. While Defendant Phillips does not take "issue with the disclosure as to its reference to the work Mr. Powell's company performed in installing a new unit or its cost as those categories alone fall within the purview of a fact witness[,]" Defendant asserts the disclosure is "inadequate to the degree the Plaintiff intended to have Mr. Powell testify as to the work of the Defendant, alleged violations of the standard of care by the Defendant, or causation opinions as to any alleged damages sustained by the Plaintiff" [*Id.* at 5]. More specifically, Defendant Phillips asserts that this disclosure does not meet the requirements of Rule 26(a)(2)(C) because it "fails to state Mr. Powell's opinions as to what sets the standard of care, how it was not adhered to or violated by the Defendant in performing the work, and how the Defendant caused damages" [*Id.*]. In addition, it "fails to state what facts Mr. Powell relied upon in forming and supporting his opinions" [*Id.*]. Rather, it is "a series of topics" [*Id.*].

2

Plaintiff responds that her disclosure is sufficient in that it provides Mr. Powell is expected to testify regarding: (a) "Photographs of Plaintiff's property would show the state of Plaintiff's property after the HVAC work performed by Defendants;" (b) "The HVAC work performed by the Defendants at Ms. Austin's property fell below the standard of care for such work;" and (c) "That the Defendants caused damage to Ms. Austin's property" [Doc. 94 p. 3]. Plaintiff also asserts that "Defendant Phillips misinterprets the standard for which a party must provide a summary of topics to be addressed by the expert at trial pursuant to Rule 26(a)(2)(C)" [*Id.* at 2]. Plaintiff relies on a series of cases in support, including *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011), and *Chesney v. Tennessee Valley Authority*, No. 3:09-CV-09, 2011 WL 2550721 (E.D. Tenn. June 21, 2011) [*Id.* at 2–3].

Expert disclosures are governed by Rule 26(a)(2) of the Federal Rules of Civil Procedure, which provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). The disclosures must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Courts have explained this requirement in the following way:

> [A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice.

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015); *see also Erikson v. Fahrmeier*, No. 3:17-CV-518, 2019 WL 6040787, at *6 (E.D. Tenn. Sept. 6, 2019) (discussing *Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840, at *9); *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *5 (E.D. Mich. Apr. 12, 2016) (same). [1]

Plaintiff's initial disclosure does not meet this standard. While her disclosure mentions Mr. Powell's opinion that "[t]he HVAC work performed by Defendants . . . fell below the standard of care for such work" and caused damages [Doc. 91-1 p. 4], it does not state the facts upon which Mr. Powell relied in forming his opinion. Additionally, as Defendant Phillips points out, the disclosure does not state "what sets the standard of care, how it was not adhered to or violated by the Defendant in performing the work, what the Plaintiff's damages were as a result of the alleged defective work, and how the Defendant caused the damages" [Doc. 91 ¶ 14]. Thus, Plaintiff's disclosure "merely stat[es] the topic matters of facts relied upon[, which] does not suffice." *Little Hocking*, 2015 WL 1105840, at *9. "Such generic statements cannot constitute a proper summary under Rule 26(a)(2)(C) because, at most, they only vaguely identify the 'topic' of testimony, not the substance as required." *Little v. Wal-Mart Stores E., L.P.*, No. 2:21-CV-2209,

---

[1] Plaintiff relies on *Chesney v. Tennessee Valley Authority*, No. 3:09-CV-09, 2011 WL 2550721 (E.D. Tenn. June 21, 2011), which relies upon *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011), in support of her position that the disclosure of Mr. Powell was sufficient under Rule 26(a)(2)(C) [Doc. 94 p. 2]. In *Chesney*, "the court held that a simple statement of who was going to testify as to what was sufficient" for purposes of Rule 26(a)(2)(C)." *Saline River Properties, LLC v. Johnson Controls, Inc.*, No. 10-10507, 2011 WL 6031943, at *10 (E.D. Mich. Dec. 5, 2011) (discussing *Chesney*, 2011 WL 2550721). While Plaintiff's disclosure may be sufficient under *Chesney*, "district courts in this circuit have declined to follow [*Chesney* and *Saline River Properties*], asking more of parties in their (a)(2)(C) initial disclosures." *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-cv-506, 2022 WL 3362280, at *7 (W.D. Ky. Aug. 15, 2022) (citing cases and explaining the rationale for rejecting *Chesney*).

2022 WL 2900284, at *5 (W.D. Tenn. May 11, 2022) (citing *Reynolds v. Knox Cnty. Gov't*, No. 3:17-cv-79, 2018 WL 6523439, at * 5 (E.D. Tenn. Dec. 12, 2018)) (finding plaintiff's disclosure did not meet this standard because it did not describe the judgments reached by the witness nor the "information that formed the basis for these judgments"). Similarly, the invoice for Mr. Powell's work on Plaintiff's property—which Plaintiff attached to the disclosure—also fails to provide proper disclosure because it "provide[s] no insight into the [expert's] opinions . . . or even briefly discuss what information the [expert] relied on[.]" *Id.*

After finding a plaintiff's disclosure insufficient, the Court must ask "whether [the plaintiff's] failure to follow Rule 26(a)(2)(C)'s disclosure requirements should result in exclusion under Rule 37(c)." *MV Louisville*, 2022 WL 3362280, at *8. "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" (citation omitted)). The Sixth Circuit Court of Appeals has identified five factors to consider when assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless" as follows, which are known as the "*Howe* factors": "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v.*

5

*Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016)). And, according to the Sixth Circuit, the task is to "avoid unduly harsh penalties in a variety of situations[,]" where the party's failure is substantially justified or harmless. *Howe*, 801 F.3d at 747 (Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment).

Plaintiff argues that any noncompliance with Rule 26(a)(2)(C) is harmless [Doc. 94 p. 3]. In support of that position Plaintiff asserts she disclosed Mr. Powell as an expert witness upon the filing of her expert disclosures on April 18, 2023, and in that disclosure, she included an invoice from Powell Brothers [*Id.*]. Plaintiff also asserts Defendants deposed Mr. Powell on December 20, 2023, and is "aware of the extent of work that Mr. Powell performed on Plaintiff's property and why Mr. Powell is being consulted as an expert witness" [*Id.*]

While Defendant Phillips does not specifically argue Plaintiff's failure to comply with Rule 26(a)(2)(C) was not harmless, Defendant does argue that Mr. Powell testified during his deposition that he has no recollection of taking any photographs of Plaintiff's property and if they were taken, that he does not possess such photographs, nor does he recall ever reviewing photographs [Doc. 91 p. 2]. Further, Defendant Phillips points out that Mr. Powell testified that he did not personally perform any work at Plaintiff's property, observe the work performed by his company, or inspect the work performed by his company [*Id.*]. He opined based upon his review of the HVAC unit as it existed at the time of his inspection—which was a decade or more after the installation

6

by Defendants—that the home was not designed for the ductwork used due to the tight crawlspace [*Id.* at 3, 5]. But Defendant Phillips notes he was asked whether he could form or provide an opinion if shown photographs [*Id.* at 5].

The burden to show harmlessness is on the potentially sanctioned party, which here is Plaintiff. *Roberts*, 325 F.3d at 782 (citing the circuits that have done the same). Plaintiff has met that burden.

As to the first factor, Defendant was aware that Plaintiff intended to call Mr. Powell as an expert and have him testify on the "HVAC work performed by the Defendants at Ms. Austin's property," specifically that it "fell below the standard of care for such work" as of April 18, 2022 [Doc. 91-1 pp. 4–5]. Defendant Phillips deposed Mr. Powell on December 20, 2023 [Doc. 91-2]. During the deposition, defense counsel asked Mr. Powell about his expert disclosure, as well as his opinion that Defendants' HVAC work fell below the standard of care and how he came to that conclusion [*Id.* at 10–11, 13–14]. Mr. Powell explained that he believes that Defendants' work fell below the standard of care because of the "refrigerant line and the ductwork" [*Id.* at 11]. He further explained that he believed the ductwork was not installed properly, "to duct standards" because it was lying on the ground and there was no room in the crawlspace to hang it [*Id.* at 10–11]. As for the refrigerant line, he testified that "a section of it had been crimped on the large line" [*id.* at 10] and that, in his opinion, "it was crimped . . . when [Defendants] installed the line originally and they didn't catch it. They didn't notice it." [*id.* at 14]. Plaintiff's disclosure, in addition to Mr. Powell's deposition, means Defendant Phillips is not left to "guess what expert testimony [is] coming." *Bentley v. Highlands Hosp. Corp.*, No. 15-97, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (citing *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 & n.5 (E.D. Ky. 2014)). This factor weighs in favor of Plaintiff.

The second factor—the ability to the cure the surprise—also weighs in Plaintiff's favor. To the extent that Plaintiff's disclosure was deficient and did not fully reveal Mr. Powell's opinion or facts underlying it, Defendant Phillips had an opportunity to remedy any "surprise" during their deposition of Mr. Powell on December 20, 2023 [Doc. 91-2]. *See Howe*, 801 F.3d at 749 ("Akron could have explored the problems with Carr's method for calculating back pay by cross-examining Carr and the other twenty-two Plaintiffs during the retrial.").

Third, there is no indication that Mr. Powell's expert testimony would disrupt the trial. Defendant Phillips does not suggest that there needs to be additional discovery or deposition taken to cure the defect or otherwise delay trial, which has recently been rescheduled for January 7, 2025 [Doc. 103]. *See MV Louisville*, 2022 WL 3362280, at *9 (finding that allowing the evidence in that case would not affect the trial date).

For the fourth factor, the Court looks to the importance of the evidence. "[C]ourts tend to find that the more important the evidence, the more this factor favors the party disclosing the witness." *Id.* (citing cases finding the same). Mr. Powell's expert testimony is important to Plaintiff's case as his crew worked on the HVAC system at the property and he has experience with HVAC systems more generally. Mr. Powell, however, did not work on Plaintiff's property until roughly ten-years after Defendants worked on it. Further, Plaintiff's other expert, Robert Lambert, worked on Plaintiff's property, "observed . . . the work Defendants performed at Ms. Austin's property," and is expected to testify that Defendants' HVAC work fell below the standard of care and caused damages [Doc. 91-1 p. 2]. Accordingly, this factor weighs in Plaintiff's favor, but slightly.

Finally, as explained above, Plaintiff's explanation for failing to fully disclose Mr. Powell's expert testimony falls short as she argues that she was not required to disclose anything further. But as explained above, courts have rejected the caselaw upon which Plaintiff relied.

On the whole, the *Howe* factors weigh in favor of Plaintiff. *See Bisig*, 940 F.3d at 220 ("[J]udges need not apply Howe's factors rigidly." (quotation omitted)). The Court therefore denies Defendant Phillips's request to prohibit Plaintiff "from eliciting any expert testimony or opinions from Mr. Powell at trial including the standard of care for HVAC installation, the Defendants' alleged breach of the standard of care, and causation testimony as to any alleged damages of the Plaintiff" [Doc. 91 p. 6].[2]

Accordingly, and for the reasons explained, the Court **DENIES** Defendant Danny Phillips's Motion in Limine to Exclude the Opinions and Expert Testimony of Plaintiff's Witness Kenneth Powell, In Whole or In Part [**Doc. 91**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[2] Defendant asks, in the alternative, that the Court prohibit Plaintiff from refreshing "Mr. Powell's recollection by showing him photographs at trial and attempting to elicit opinions beyond those referenced in Paragraph 5 of this Motion" [Doc. 91 p. 6]. At this time, the Court **DENIES** Defendant's request because he did not provide any legal support for this argument. Defendant may renew this request at the appropriate juncture.